UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROGER BOYD,

      Plaintiff,

      v.                                                                      CAUSE NO. 3:25cv646 DRL-SJF

SCHMITT *et al.*,

      Defendants.

<u>OPINION AND ORDER</u>

Roger Boyd, a prisoner without a lawyer, filed a complaint against four defendants alleging they retaliated against him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Boyd, who is housed at the Indiana State Prison, alleges that, in the six months leading up to when he was fired from his prison porter job on June 11, 2025, he engaged in activities protected by the First Amendment. These activities included (1) filing two offender grievances; (2) complaining about Correctional Officer Cuetto acting disrespectfully and unprofessionally towards him; and (3) complaining about Sergeant Schmitt and Correctional Officer Cuetto removing a painting from an inmate's property,

after the inmate was executed, and hanging it on Sergeant Schmitt's office wall with another deceased inmate's artwork, as some sort of "macabre trophies."

On June 11, 2025, Mr. Boyd asserts he was fired from his porter job for engaging in First Amendment activities. He says Case Manager Brendon Herbert and Sergeant Schmitt gave him a poor work evaluation and report of classification hearing and told him that they, in conjunction with Unit Team Manager Schneider, were firing him because he did not meet unit worker standards. *Id*. Being fired from his job prevented him from earning $66.00 a month in state pay and reduced the amount of time he could be outside of his cell from nine hours a day, seven days a week, to about three hours a day, six days a week.

Mr. Boyd asserts he has been told different and contradictory reasons about who decided to fire him and why he was fired. He asserts he performed his job duties well and never did anything warranting a determination that he failed to meet unit worker standards. Mr. Boyd states the work evaluation report did not explain what led to the decision that he was not meeting worker standards because the standards were not listed or discussed.

Mr. Boyd further explains he was told he was fired because Correctional Officer Cuetto said he called her a "bitch." However, he never called her a derogatory name and she sent email to Sergeant Schmitt and Unit Team Manager Schneider, which cleared up the misunderstanding. Despite this, he asserts Sergeant Schmitt and Unit Team Manager Schneider told him he was fired because of those accusations.

2

Mr. Boyd next asserts he was told he was fired because he was involved in trafficking homemade methamphetamine pipes and/or other drugs into death row. However, he states he was not involved in those activities and was never caught participating in such activities.

Furthermore, Mr. Boyd asserts that Correctional Officer Cuetto and Sergeant Schmitt began to act unprofessionally after he reported they stole a painting from an executed inmate's property and hung it in Sergeant Schmitt's office. After that, they displayed an attitude toward him.

Finally, Mr. Boyd contends that Unit Team Manager Schneider admitted to him that he was fired for filing grievances and complaining about staff.

To state a claim under the First Amendment, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation and quotations omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Mr. Boyd satisfies the first prong because filing a grievance qualifies as protected activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). He has also satisfied the second prong because the decision to fire him from his porter job could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). As to the final prong, Mr. Boyd asserts there is a direct link between

3

his First Amendment activity and being fired from his job because Case Manager Herbert, Sergeant Schmitt, and Unit Team Manager Schneider gave him contradictory reasons for why he was fired. He has alleged enough to proceed further on a First Amendment claim against these three defendants.

However, Mr. Boyd has not stated a First Amendment claim against Correctional Officer Cuerro because he does not allege she participated in the decision to fire him. While he asserts Correctional Officer Cuetto acted disrespectfully and unprofessionally when she and Sergeant Schmitt hung a deceased inmate's painting in Sergeant Schmitt's office, these actions do not violate the constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution."). Therefore, Mr. Boyd may not proceed against Correctional Officer Cuetto.

Mr. Boyd has also filed an objection to Magistrate Judge Scott J. Frankel's March 20, 2026, order denying his request to reassign this case to another district judge or screen the complaint as soon as possible. He asks that Magistrate Judge Frankel's order be reviewed by the court because Magistrate Judge Frankel mischaracterized the nature of his complaint. The court has now screened Mr. Boyd's complaint rendering his request to reassign this case to another district judge or screen the complaint as soon as possible moot. As such, his motion will be denied.

For these reasons, the court:

(1) DENIES the Motion for Review of Magistrate Judge Decision (ECF 12);

4

(2) GRANTS Roger Boyd leave to proceed against Case Manager Brendon Herbert, Sergeant Schmitt, and Unit Team Manager Joseph Schneider in their individual capacities for compensatory and punitive damages for firing him from his porter job, in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Correctional Officer Cuetto;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Case Manager Brendon Herbert, Sergeant Schmitt, and Unit Team Manager Joseph Schneider at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Case Manager Brendon Herbert, Sergeant Schmitt, and Unit Team Manager Joseph Schneider to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 24, 2026

*s/ Damon R. Leichty*
Judge, United States District Court